UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL STEVEN SOKOLOWSKI,

        Plaintiff,

v.                                          Case No. 21-cv-1245-pp

DR. KUBER, DR. RIBAULT
and NURSE STEPHEN MCCULLEN,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (DKT. NO. 22) AND SCREENING PROPOSED AMENDED COMPLAINT (DKT. NO. 22-1)**

On September 23, 2022, the court screened the complaint filed under 42 U.S.C. §1983 by plaintiff Michael Steven Sokolowski, who was incarcerated at the time. Dkt. No. 13. The court allowed the plaintiff to proceed on Eighth Amendment claims against Doctors Kuber and Ribault and Nurse McCullen for inadequately treating his prostatitis, which eventually progressed to epididymitis and required the plaintiff to be hospitalized. Id. at 7–8.

On November 22, 2022, after the defendants responded to the complaint, the court issued a scheduling order setting an April 24, 2023 deadline for the parties to complete discovery and a May 24, 2023 deadline for the parties to file dispositive motions. Dkt. No. 18. But a few weeks later, the plaintiff asked the court to reset the deadlines because he expected he would soon be released from prison, and he believed he would need time to adjust to life outside prison and to prepare and file a supplemental complaint. Dkt. No. 19. On January 10,

2023, the court granted the plaintiff's motion and set new deadlines of March 16, 2023 for the plaintiff to file an amended complaint, August 14, 2023 for the parties to complete discovery and September 13, 2023, for the parties to file dispositive motions. Dkt. No. 20.

On March 20, 2023, the court received the plaintiff's motion for leave to file an amended complaint, though the motion and proposed complaint are dated March 14, 2023. Dkt. No. 22. The plaintiff asks "to amend and supplement his civil rights complaint adding incidents that happened after the original complaint was filed, additional information regarding Dr. Ribault and Dr. Kuber[, a]lso adding Barbara Bergstrom and Kristen Vasquez as defendants as well as adding medical malpractice." Id. at 1. The plaintiff attached a copy of his proposed amended complaint. Id.; Dkt. No. 22-1. He also noted that he no longer is incarcerated. Dkt. No. 22. His amended complaint says he was released from Racine Correctional Institution on February 14, 2023. Dkt. No. 22-1 at ¶1. The plaintiff separately filed a notice of his change of address and provided his new address in West Allis. Dkt. No. 23.

The defendants responded to the plaintiff's motion for leave to amend his complaint, but they do not oppose it. Dkt. No. 24. The defendants ask only that, if the court grants the plaintiff's motion, it also screen the amended complaint; they ask that if the court "allows Plaintiff to proceed with new claims or Defendants," that the court stay the current deadlines pending entry of a new scheduling order and allow the defendants sixty days to answer the amended complaint. Id.

The plaintiff's motion for leave to file an amended complaint was not timely filed. In the January 10, 2023 order amending the parties' deadlines, the court allowed the parties to "file motions to amend the pleadings or add parties no later than **March 16, 2023**." Dkt. No. 20 at 2 (emphasis in original). The court did not receive the plaintiff's motion for leave to amend his complaint until March 20, 2023. Dkt. No. 22. As an incarcerated person, the plaintiff received the benefit of the "prison mailbox rule," under which "a pro se prisoner's legal documents are considered filed on the date that they're tendered to prison staff in accordance with reasonable prison policies." Taylor v. Brown, 787 F.3d 851, 859 (7th Cir. 2015). Absent evidence to the contrary, the "handed over" date is usually the date the incarcerated person signs the document. Id.

Because he no longer is incarcerated, the plaintiff no longer receives the benefit of the prison mailbox rule, and he must comply with deadlines just as other, non-incarcerated litigants must do. The plaintiff signed his proposed amended complaint on March 14, 2023. Dkt. No. 22-1 at 16. But in that complaint, he says that as of February 14, 2023, he no longer was incarcerated. Id. at ¶1. The Wisconsin Department of Corrections Offender Detail website confirms that the plaintiff was released from Racine Correctional on February 14, 2023. See https://appsdoc.wi.gov/lop/details/detail (DOC #390981). That means that, as of February 14, 2023, the plaintiff was required file his legal documents *in time for the court to receive them* by the deadline. That deadline was March 16, 2023, but the court did not receive the plaintiff's

3
Case 2:21-cv-01245-PP   Filed 07/06/23   Page 3 of 8   Document 25

motion for leave to amend his complaint until four days later. The plaintiff did not timely file the motion and the court could deny it for that reason alone.

But the court is mindful that the plaintiff, although no longer incarcerated, still is representing himself. The court is willing to extend some leniency to the plaintiff, although it will be less lenient now that the court has made the plaintiff aware of his obligations as a non-incarcerated litigant. The court will not deny the plaintiff's motion as untimely, but after reviewing the proposed amended complaint, the court concludes that it does not state a claim against any new defendants.

The proposed amended complaint reiterates the facts from the original complaint about the plaintiff's allegedly inadequate treatment from Doctors Kuber and Ribault and Nurse McCullen from March to August 2021. Dkt. No. 22-1 at ¶¶2–33. The plaintiff adds some detail to his claims and allegations against those defendants, including information about his examinations with Nurse McCullen and requests for medical treatment in May and June 2021. Id. at ¶¶12–19. He adds new details about requests for treatment he filed in August 2021 and the allegedly lackluster responses and treatment he received. Id. at ¶¶27–35. He newly alleges that on December 1, 2021, Nurse Moore (who is not a defendant) notified Dr. Ribault that the plaintiff had "high levels of occult and bilirubin in his blood and a risk of serious injury and his response was noted." Id. at ¶36. The plaintiff says Dr. Ribault did not send him to a urologist for eight months, at which time he was diagnosed with chronic prostatitis. Id. at ¶37. He alleges that this delay worsened his symptoms and

demonstrates Dr. Ribault's deliberate indifference to the plaintiff's serious medical condition. Id. at ¶38. He says Dr. Ribault refused to see him for treatment in January and February 2023, and he again refused to allow the plaintiff to see a specialist. Id. at ¶39. The plaintiff claims this additional evidence supports a claim against Dr. Ribault for deliberate indifference and "medical negligence." Id. at ¶¶40–44.

The plaintiff seeks to add two new defendants—Health Services Manager Kristen Vasquez and Barbara Bergstrom. Dkt. No. 22. But his proposed amended complaint contains few allegations about these defendants. It alleges that on May 23, 2021, the plaintiff wrote to Vasquez about his penile pain, and that she responded that he was scheduled to see a medical provider. Dkt. No. 22-1 at ¶¶15–16. He alleges that he nonetheless did not see a doctor for treatment. Id. at ¶16. He says he saw Vasquez in person on May 26 or 27, 2021, and that she drew his blood for lab tests. Id. at ¶17. When he complained about his level of treatment, she allegedly responded, "You can't expect A-1 healthcare this is prison." Id. The proposed amended complaint contains no allegations about Bergstrom, including what her position is at Racine or whether she treated the plaintiff. In a single paragraph, the plaintiff asserts that Bergstrom and Vasquez "exhibited deliberate indifference and medical negligence towards the plaintiff by violating D.A.I (Division of adult institutions) Policy." Id. at ¶45.

These additional allegations do not state a claim against Vasquez or Bergstrom. The plaintiff alleges that Vasquez took his blood on one occasion in

5
Case 2:21-cv-01245-PP   Filed 07/06/23   Page 5 of 8   Document 25

May 2021 and told him that he should not expect "A-1" health care in prison. Such a comment might be unprofessional and inappropriate, but it was not necessarily incorrect. Under the Eighth Amendment, a prisoner "is not entitled to demand specific care" and "is not entitled to the best care possible. [He] is entitled to reasonable measures to meet a substantial risk of serious harm." Forbes v Edgar, 112 F.3d 262, 267 (7th Cir. 1997); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994) (explaining that the Eighth Amendment imposes a duty to "ensure that inmates receive *adequate* food, clothing, shelter, and medical care") (emphasis added); Estelle v. Gamble, 429 U.S. 97, 105 (1976) (noting that not "every claim by a prisoner that he has not received *adequate* medical treatment states a violation of the Eighth Amendment") (emphasis added). Vasquez's statement to the plaintiff does not on its own constitute an Eighth Amendment violation. See Beal v. Foster, 803 F.3d 356, 357–58 (7th Cir. 2015) (explaining that except in exceptional circumstances, unprofessional comments from prison officials does not constitute a violation of the Eight Amendment).

The proposed amended complaint says even less about Bergstrom. It contains no factual allegations against her and does not describe what she did or failed to do that the plaintiff believes violated his rights. To state a claim against Bergstrom under §1983, the plaintiff must allege that she "personally participated in or caused the unconstitutional actions." Alejo v. Heller, 328 F.3d 930, 936 (7th Cir. 2003) (citing Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir. 1981)). The proposed amended complaint fails to satisfy that

6

standard. It asserts only that Bergstrom and Vasquez "exhibited deliberate indifference" by violating DAI policy. It does not explain what those policies require or how Bergstrom or Vasquez allegedly violated them. Even if the plaintiff had alleged as much, §1983 "protects against 'constitutional violations, not violations of . . . departmental regulation[s] and . . . practices.'" Estate of Simpson v. Gorbett, 863 F.3d 740, 746 (7th Cir. 2017) (quoting Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003)). The plaintiff has not stated a claim against Bergstrom or Vasquez merely by alleging, without elaboration, that they violated prison policies.

Although the plaintiff did not timely file his motion for leave to amend his complaint, the court will grant his motion and allow him to proceed on his proposed amended complaint. But the court will not allow him to proceed on any claim against either *new* defendant. The plaintiff may proceed on the proposed amended complaint only against the three defendants named in the original complaint, against whom the court has already allowed him to proceed: Doctors Kuber and Ribault and Nurse McCullen. The court will not allow him to proceed against Vasquez or Bergstrom.

The plaintiff also seeks to add a state law claim of medical malpractice against the defendants. Federal courts may exercise supplemental jurisdiction over a state law claim that is "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). Medical malpractice does not violate the constitution. See Estelle, 429 U.S. at 106;

Brown v. Peters, 940 F.3d 932, 937 (7th Cir. 2019). But this claim may be raised under state law. Because the facts underlying the plaintiff's claim of medical malpractice are the same as those underlying his Eighth Amendment claim, the court will exercise supplemental jurisdiction over the plaintiff's state law claim. 28 U.S.C. §1367(c)(3).

Because the court is not allowing the plaintiff to proceed on new constitutional claims or against new defendants, the court will deny the defendants' request to stay the deadlines and give them additional time to respond to the amended complaint or complete discovery and file dispositive motions. The deadlines set in the January 10, 2023 order remain in effect.

The court **GRANTS** the plaintiff's motion for leave to file an amended complaint. Dkt. No. 22.

The court **ORDERS** that the clerk must docket the proposed amended complaint (Dkt. No. 22-1), which is now the operative complaint.

The court **ORDERS** that the plaintiff may not proceed against Kristen Vasquez or Barbara Bergstrom.

The court **ORDERS** that the plaintiff may proceed on state-law claims of medical malpractice against defendants Kuber, Ribault and McCullen.

Dated in Milwaukee, Wisconsin this 6th day of July, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**